Citation Nr: 1536777 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 11-13 255 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES


1. Entitlement to service connection for bilateral hip replacement, to include as secondary to service-connected pes planus with hallux valgus.

2. Entitlement to service connection for bilateral knee conditions, to include as secondary to service-connected pes planus with hallux valgus.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Veteran and Spouse


ATTORNEY FOR THE BOARD

S. Hoopengardner, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1954 to December 1957 and from March 1958 to June 1976.

These matters are before the Board of Veterans' Appeals (Board) on appeal from an August 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

These matters were previously remanded by the Board in June 2014 and March 2015.

The Veteran testified before the undersigned Acting Veterans Law Judge at a January 2014 Board videoconference hearing. A copy of the transcript is associated with the file.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record. Also, a review of the electronic records maintained in Virtual VA was conducted.
 
The issue of entitlement to service connection for a dental condition has been raised by the record in a June 1976 claim, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The Veteran has contended that his bilateral hip conditions and bilateral knee conditions are secondary to service-connected disability, to include service-connected pes planus with hallux valgus. The Veteran's claims were remanded in March 2015 to obtain a VA opinion that addressed this issue. For secondary service connection, it must be shown that the disability for which the claim is made is proximately due to or the result of service-connected disease or injury, or that service-connected disease or injury has aggravated the nonservice-connected disability for which service connection is sought. See 38 C.F.R. § 3.310 (2015); see also Allen v. Brown, 7 Vet. App. 439 (1995) (en banc). In the June 2015 VA opinion, with respect to the Veteran's bilateral knee conditions, the opinion provided discussed causation in-depth and then stated "[a]lso the foot condition would not in my opinion be considered to be an aggravate[ng] factor." No rationale was provided to accompany the negative opinion as to aggravation. With respect to the Veteran's bilateral hip conditions, the opinion provided also discussed causation in-depth, but did not address aggravation. Upon review, the provided June 2015 VA opinion did not adequately address (to include with adequate rationale) the issues as noted in the March 2015 remand directives, specifically with respect to the issue of whether the Veteran's bilateral hip conditions and bilateral knee conditions have been aggravated by service-connected disability, to include service-connected pes planus with hallux valgus. As such, remand is required to obtain a new VA examination, from a medical professional who has not previously examined the Veteran, to determine whether the Veteran's bilateral hip conditions and bilateral knee conditions are secondary to any service-connected disability, to include service-connected pes planus with hallux valgus.

In addition, there are no VA treatment records of record. On a May 2011 VA Form 9, the Veteran referenced receiving support shoes through the VA and at the January 2014 Board hearing, the Veteran's representative stated that the Veteran had not "used the VA medical center that much," suggesting that the Veteran had received some VA treatment. As such, while on remand, all outstanding VA treatment records must be obtained.

Further, in June 2010, the Veteran submitted a VA Form 21-4142 (Authorization and Consent to Release Information to the Department of Veterans Affairs (VA)), which noted multiple providers: Dr. C., Dr. F. and Dr. B. The Veteran had previously submitted records from Dr. F. in April 2010. The Veteran submitted records from Dr. C. and Dr. B. in June 2010. While there are records of record from these medical providers that were submitted by the Veteran, VA never requested private medical records from the providers identified on the VA Form 21-4142. Also, since the private medical records were received in April and June 2010, relatively limited additional private medical records were submitted by the Veteran. As such, while on remand, the Veteran must be given the opportunity to either provide any outstanding relevant private treatment records or complete a release for such providers; if any releases are returned, the AOJ must attempt to obtain the identified records.

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). Expedited handling is requested.)

1. Obtain all outstanding VA treatment records. All obtained records must be added to the claims file.

2. Contact the Veteran and request that he either provide any outstanding relevant private treatment records (e.g., from Dr. C., Dr. F. and Dr. B.) or completes a release for such providers; if any releases are returned, attempt to obtain the identified records. If any records requested are not ultimately obtained, notify the Veteran pursuant to 38 C.F.R. § 3.159(e) (2015). The Veteran must then be given an opportunity to respond.

3. After completion of the above steps, afford the Veteran an appropriate VA examination, from a medical professional who has not previously examined the Veteran, to determine whether the Veteran's bilateral hip conditions and bilateral knee conditions are secondary to any service-connected disability, to include service-connected pes planus with hallux valgus. All indicated evaluations, studies, and tests deemed necessary must be accomplished and all findings reported in detail.

The examiner must provide an opinion addressing the following: 

a. Whether it is at least as likely as not (i.e., probability of 50 percent or greater) that the Veteran's bilateral hip conditions are due to or caused by any service-connected disability, to include service-connected pes planus with hallux valgus. 

b. Whether it is at least as likely as not (i.e., probability of 50 percent or greater) that the Veteran's bilateral hip conditions have been aggravated (i.e., permanently worsened) beyond the natural progress by any service-connected disability, to include service-connected pes planus with hallux valgus. If aggravation is found, the medical professional must address the following medical issues: (1) the baseline manifestations of the Veteran's bilateral hip conditions found prior to aggravation; and (2) the increased manifestations which, in the medical professional's opinion, are proximately due to any service-connected disability, to include service-connected pes planus with hallux valgus.

c. Whether it is at least as likely as not (i.e., probability of 50 percent or greater) that the Veteran's bilateral knee conditions are due to or caused by any service-connected disability, to include service-connected pes planus with hallux valgus. 

d. Whether it is at least as likely as not (i.e., probability of 50 percent or greater) that the Veteran's bilateral knee conditions have been aggravated (i.e., permanently worsened) beyond the natural progress by any service-connected disability, to include service-connected pes planus with hallux valgus. If aggravation is found, the medical professional must address the following medical issues: (1) the baseline manifestations of the Veteran's bilateral knee conditions found prior to aggravation; and (2) the increased manifestations which, in the medical professional's opinion, are proximately due to any service-connected disability, to include service-connected pes planus with hallux valgus.

For all of the above requested opinions, the examiner is asked to address the Veteran's contention that, essentially, his service-connected pes planus with hallux valgus altered his gait and caused or aggravated his bilateral hip conditions and bilateral knee conditions. See March 2015 Veteran Statement (stating that "I had bad feet which was indicated a number of times that it causes uneven walking causing the biggest problem...I have been told a number of times that feet in my condition would cause my hip and leg problems over time"); June 2012 Veteran Statement (referencing his hip replacement and stating that "I was told it was due to bad feet; not being able to walk normal but kinda sideways"). While review of the entire claims folder is required, the examiner's attention is invited to the January 2013 VA examination report (completed in conjunction with a separate claim not on appeal for entitlement to an increased rating for service-connected pes planus with hallux valgus), which stated that the Veteran "has had hip problems because of bad alignment" and to a letter from Dr. B. dated in October 2010 that discussed the Veteran's feet and stated that the Veteran "has significant difficulty with ambulation even with use of Extra Depth shoes and accomodative insoles which have been prescribed." 

The examiner must include a thorough rationale for any conclusions reached. The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it.

4. After completing the requested actions, and any additional development deemed warranted, readjudicate the claims in light of all pertinent evidence and legal authority. If the benefits sought remain denied, furnish to the Veteran and his representative a supplemental statement of the case and afford them the appropriate time period for response before the claims file is returned to the Board for further appellate consideration.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. C. MACKENZIE
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).